[629 NYS2d 72]

In the Matter of CAROL PER LEE PLUMB, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 3, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*James J. Hasson,* Staten Island, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in opposition to the Grievance Committee's motion to confirm.

Charge One alleged that the respondent has engaged in a pattern of professional misconduct by neglecting legal cases entrusted to her. Between 1989 and 1992, the respondent was retained to pursue divorce actions on behalf of six specified clients. Thereafter, the respondent failed to pursue and conclude these cases in a timely manner, despite her repeated promises to her clients that she would do so. By reason of the foregoing, the respondent has violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Two alleged that the respondent engaged in a pattern of professional misconduct by failing to maintain adequate communications with her clients. Between 1989 and 1992, the respondent was retained to represent seven specified clients. The respondent frequently failed to return her clients' telephone calls. The respondent also failed to respond to numerous written inquiries from her clients or their representatives concerning the status of their cases. By her conduct the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Three alleged that the respondent failed to cooperate with the Grievance Committee's investigations of her professional conduct. By letter dated August 6, 1993, the Grievance Committee requested that the respondent submit a written answer to the complaint of Florence Knudsen within 10 days. The respondent was again requested to submit a written answer during her appearance at the Committee's office on October 19, 1993. Thereafter, by letter dated October 25, 1993, the respondent promised to submit an answer by the following Monday.

By letter dated February 2, 1994, the respondent was requested to submit a written answer to the complaint of Louise Philipps within 10 days. To date the respondent has failed to

submit either of the requested answers. By reason of the foregoing, the respondent has violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Four alleged that the respondent has violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]) by failing to submit timely answers to complaints filed against her with the Grievance Committee.

We find, upon our review of the evidence, that the Special Referee properly sustained all four charges. The petitioner's motion to confirm the report of the Special Referee is therefore granted.

In determining an appropriate measure of discipline to impose we have considered the mitigation offered by the respondent, including, but not limited to, the fact that the respondent was the sole care giver for her 94-year-old mother, who was afflicted with serious health problems, and her 91-year-old aunt, also suffering with health problems. However, we must also consider the respondent's prior history of discipline. On October 27, 1983, a Letter of Admonition was personally delivered to the respondent by the Chairwoman of the Grievance Committee, based on the respondent's neglect of a legal matter and failure to submit written answers to two complaints. On February 17, 1989, the respondent was issued a Letter of Caution for failure to keep a client adequately informed of the status of his case. On November 13, 1990, the respondent received another personally delivered Admonition, for again failing to submit a written answer to a complaint filed against her and for failing to maintain adequate lines of communications with her clients. On March 18, 1992, a Letter of Caution was issued to respondent for again neglecting a legal matter. Finally, the respondent received her third Admonition from the Committee on November 19, 1992, for failing to apprise the Family Court, in an ongoing matter, that she had been discharged.

In view of the foregoing, it is the decision of this Court that the respondent be suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Carol Per Lee Plumb, is

suspended from the practice of law for a period of two years, commencing June 28, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Carol Per Lee Plumb, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.